# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.**         (CKK) |
| v. | : | |
| **KINJURM ALLEN,** | : | VIOLATION: |
| | : | 21 U.S.C. § 846 |
| Defendant. | : | (Conspiracy to Distribute and Possess |
| | : | with Intent to Distribute One Hundred |
| | : | Grams or More of a Mixture and |
| | : | Substance Containing a Detectable |
| | : | Amount of Phencyclidine and Twenty |
| | : | Eight Grams or More of Cocaine Base) |
| | : | |
| | : | FORFEITURE: |
| | : | 21 U.S.C. § 853(a) and (p) |

## I N F O R M A T I O N

The United States Attorney charges that:

### COUNT ONE

From on or about March 18, 2013, through on or about October 18, 2013, within the District of Columbia and elsewhere, **KINJURM ALLEN**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the United States, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance and the said mixture and substance was one hundred grams or more and a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was twenty-eight grams or more, in violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(B)(iv); and 841(b)(1)(B)(iii).

   (**Conspiracy to Distribute and Possess with Intent to Distribute One Hundred Grams or More of a Mixture and Substance Containing a Detectable Amount of Phencyclidine and Twenty-Eight Grams or More of Cocaine Base**, in violation of Title 21, United States Code, Section 846)

## **FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense.  The United States will also seek a forfeiture money judgment against the defendant in the amount of $26,000.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

Respectfully submitted,

VINCENT H. COHEN, JR.
Acting United States Attorney
D.C. Bar No. 471489

By: _____
EMORY V. COLE
Assistant United States Attorney
Violent Crime and Narcotics Trafficking Section
555 4th Street, NW, Suite 4213
Washington, DC 20530
(202) 252-7692
Emory.Cole@usdoj.gov